08 CV 01081

Cardillo & Corbett
Attorneys for Plaintiff
RAETSCLUB MARINE INSURANCE B.V.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
James P. Rau (JR-7209)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
RAETSCLUB MARINE INSURANCE B.V.,        :
                                        :
                                        :
                Plaintiff,              :   **ECF**
                                        :   **VERIFIED COMPLAINT**
        -against-                       :
                                        :
BULKSHIP (NIGERIA) LTD. and B.S.        :
MARITIME SERVICE,                       :
                                        :
                Defendants.             :
----------------------------------------x

    Plaintiff, RAETSCLUB MARINE INSURANCE B.V. ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendants, BULKSHIP (NIGERIA) LTD. and B.S. MARITIME SERVICE, (collectively the "Defendants"), alleges, upon information and belief as follows:

                        JURISDICTION

    1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

                        THE PARTIES

    2.  At all material times to this action Plaintiff

was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at K.P. v.d. Mandelelaan 64-70, 3062 MB Rotterdam, The Netherlands, and is engaged in the business of marine insurance.

3. At all times material to this action, Defendant, BULKSHIP (NIGERIA) LTD. was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 22 Creek Road, APAPA Nigeria.

4. At all times material to this action, Defendant, B.S. MARITIME SERVICE was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 22 Creek Road, APAPA Nigeria.

DEFENDANTS' BREACH OF CONTRACT

5. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-4 of this Complaint as if set forth at length herein.

6. On or about October 5, 2005, Plaintiff issued to Defendants as Assureds, a charterers' liability policy of insurance under Policy No. 400158 (the "Liability Policy") to be effective from May 28, 2005 to May 28, 2006.

7. On or about October 5, 2005, Plaintiff issued

to Defendants as Assureds, a marine defense policy of insurance under Policy No. 410330 (the "Defense Policy") to be effective from May 28, 2005 to May 28, 2006.

8. Various vessels chartered by the Defendants were covered under the above policies for which Defendants were obligated to pay premiums to Plaintiff as invoiced.

9. When Defendants failed to pay Plaintiff $93,929.94 in such premiums, Plaintiff pursuant to the terms of the policies issued a Letter of Cancellation dated January 25, 2007 canceling the Liability Policy and Defense Policy (collectively the "Policies"). Defendants were further advised therein that they remained liable for payment of all outstanding premiums.

10. By agreement between Plaintiff and Defendants dated February 6, 2007 (the "Agreement"), Plaintiff agreed to accept a 20%, or $18,785.99, reduction in the outstanding premiums and to withdraw the Letter of Cancellation on the condition that Defendants paid a down payment of $25,143.95 by February 15, 2007 and made payment of $5,000.00 per month for a period of ten months.

11. The Agreement explicitly provided that it was "null and void" if Defendants did not comply with the terms thereof, and that Plaintiff would therefore be entitled to recover any and all amounts due do it.

12. Although Defendants made the down payment under the Agreement of $25,143.95, they failed to pay any of the monthly installments due thereunder.

13. Accordingly, on April 26, 2007, Plaintiff declared the Agreement null and void, confirmed cancellation of the Policies and demanded payment of the total outstanding premiums in the amount of $68,785.99.

14. Thereafter, Defendants were invoiced by Plaintiff for premiums due in the amount of $243.78 in connection with costs incurred below the applicable deductible under the Policies, which amount also remains unpaid.

15. By reason of the aforesaid, Plaintiff has suffered damages in the amount of $69,029.77, so near as the same can be presently estimated, no part of which has been paid although duly demanded, and is entitled to interest, attorneys' fees and costs as set forth below.

16. The Policies provide that the insurance is to be governed and construed in accordance with English Law, with The High Court of London having jurisdiction to hear and determine any claim or dispute under the Policies.

17. In accordance with the terms of the Policies, Plaintiff reserves the right to commence litigation against Defendants in England to assert and prosecute its claim for

the outstanding marine insurance premiums.  This action is expressly filed without prejudice to Plaintiff's right to assert and prosecute its claim for breach of the maritime contracts herein before the courts of England.

18.  Interest, costs and attorneys' fees are routinely awarded to the prevailing party by courts in England.  As best as can now be estimated, the following amounts can be expected to be recovered in the action from Defendants:

| | | |
|---|---|---|
| A. | Principal claim: | $69,029.77 |
| B. | Interest, costs and attorneys' fees: | $24,160.43 |
| | Total: | $93,190.20 |

### DEFENDANTS NOT FOUND WITHIN THE DISTRICT

19.  Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of China, Bank of Communications New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank,

J.P Morgan Chase, Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which are believed to be due and owing to Defendant.

20.    Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendants and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against Defendants citing them to appear and answer under oath all and singular the matters alleged in the Complaint.

B.    That since Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any

garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of China, Bank of Communications New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, J.P Morgan Chase, Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which are due and owing to Defendants, in the amount of $93,190.20 to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

      C.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

      D.   That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
            February, 1, 2008

                            CARDILLO & CORBETT
                            Attorneys for Plaintiff
                            RAETSCLUB MARINE INSURANCE B.V.

By: _____
    James P. Rau (JR 7209)

    Office and P.O. Address
    29 Broadway, Suite 1710
    New York, New York 10006
    Tel: (212) 344-0464
    Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                  ) ss.:
County of New York)

1. My name is James P. Rau.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on

behalf of the Plaintiff.

_____
James P. Rau

Sworn to before me this
1st day of February, 2008

_____
NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011